UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY LACEY,<br>Plaintiff,<br>v.<br>WHITERECON LOGISTICS, LLC, et al.,<br>Defendants. | No. 2:25-cv-02847-DAD-ICD<br><br><u>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS</u><br><br>(Doc. No. 3) |

This matter is before the court on the defendants' motion to dismiss plaintiff's complaint. (Doc. No. 3.) On November 10, 2026, the pending motion was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 12.) For the reasons below, the court will grant defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]

**BACKGROUND**

On July 9, 2025, plaintiff Lacey initiated this employment discrimination action against named defendants WhiteRecon Logistics, LLC and Michael White ("defendants") in the Plumas County Superior Court. (Doc. No. 1-3 at 4–18.) On October 2, 2025, defendants removed this action to this federal court. (Doc. No. 1.) In her complaint, plaintiff alleges the following.

[1] Defendants move to dismiss plaintiff's complaint pursuant to Rules 12(b)(2) and 12(b)(6). (Doc. No. 3.) The court will not reach defendant's arguments made pursuant to rule 12(b)(6) because the court concludes that it lacks personal jurisdiction over defendants.

Plaintiff is a resident of Quincy, California. (Doc. No. 1-3 at ¶ 3.) On information and belief, plaintiff alleges that defendant WhiteRecon Logistics, LLC ("defendant WhiteRecon") has a principal place of business in Savannah, Georgia, and it is authorized to do business and has conducted business in California. (*Id.* at ¶ 4.) On information and belief, plaintiff alleges that defendant Michael White ("defendant White") is an individual who at all relevant times was a resident of Georgia and is the owner and manager of defendant WhiteRecon. (*Id.* at ¶ 5.)

Plaintiff began working for defendant WhiteRecon on October 31, 2021 as a Director of Operations in Georgia. (*Id.* at ¶ 11.) In late 2024, plaintiff informed defendant White that she "was moving to California" and defendant White agreed to allow her to "continue working remotely with the same role and salary." (*Id.* at ¶ 14.) Plaintiff relocated to California in December 2024. (*Id.* at ¶ 16.) Plaintiff did not receive any complaints about her remote work, and she completed all of her work. (*Id.* at ¶ 16.) Plaintiff went on maternity leave on or about May 9, 2025, for approximately one month. (*Id.* at ¶¶ 17–18.) When plaintiff returned to work, defendant WhiteRecon reduced her salary, demoted her, and eventually terminated her on June 10, 2025. (*Id.* at ¶¶ 12, 19.) On information and belief, plaintiff alleges that her termination was motivated by her pregnancy and disability and that defendant White thought plaintiff would be unable to "handle her workload since she became a mother." (*Id.*)

Based upon these allegations, plaintiff asserts the following claims against defendant WhiteRecon: (1) sex (pregnancy) discrimination in violation of California Government Code § 12940(a); (2) discrimination based on physical disability in violation of California Government Code § 12940(a); (3) failure to prevent discrimination from occurring in violation of California Government Code § 12940(k); (4) retaliation in violation of public policy; (5) hostile work environment in violation for California Government Code §§ 12940, *et seq.*; (6) wrongful termination in violation of California Government Code §§ 12940 *et seq.* (Doc. No. 1-3 at ¶¶ 23–66, 76–95.) Plaintiff also asserts the following claim against all defendants: (1) harassment due to physical disability. (*Id.* at ¶¶ 67–75.)

/////

/////

On October 9, 2025, defendants filed their motion to dismiss with a request for judicial notice. (Doc. No. 3.) On November 3, 2025, plaintiff filed her opposition. (Doc. No. 10.) On November 10, 2025, defendants filed their reply thereto. (Doc. No. 11.)

## LEGAL STANDARD

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action for lack of personal jurisdiction. In opposing such a motion, the plaintiff bears the burden of proof to show that jurisdiction is appropriate. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015); *Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010). When a defendant's motion to dismiss is based on written materials rather than an evidentiary hearing and is to be decided on the pleadings, affidavits, and discovery materials, the plaintiff need only make a *prima facie* showing that personal jurisdiction exists in order for the action to proceed. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015); *Picot*, 870 F.3d at 1211.

In determining whether personal jurisdiction has been established, the court accepts the plaintiff's allegations as true and resolves any conflicts between the parties over statements contained in affidavits in the plaintiff's favor. *Love*, 611 F.3d at 608; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). However, where allegations are controverted by a defendant, the plaintiff cannot "simply rest on the bare allegations of [the] complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Philips v. Pitt Cnty. Mem'l Hosp., Inc.*, 855 F. App'x 324 (9th Cir. 2021)[2] (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). "California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution." *Core-Vent Corp.*, 11 F.3d at 1484; *see also* Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the

---

[2] Citations to the unpublished Ninth Circuit opinions throughout this order are appropriate pursuant to Ninth Circuit Rule 36-3(b).

Constitution of this state or of the United States."). Thus, only constitutional principles constrain the jurisdiction of a federal court in California. *Love*, 611 F.3d at 608–09.

Under the Fourteenth Amendment's due process clause, courts may exercise personal jurisdiction over non-resident defendants only so long as there are sufficient "minimum contacts" between the defendant and the forum state "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Each defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984). "The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Ranza*, 793 F.3d at 1068.

## DISCUSSION

### A. Personal Jurisdiction as to Defendants

Defendants argue that plaintiff has not shown that this court has general or specific personal jurisdiction over them. (Doc. No. 3 at 8–14.) Plaintiff argues that she has shown that this court has specific personal jurisdiction over both defendants and that defendants should be considered collectively for purposes of the jurisdictional analysis.[3] (Doc. No. 10 at 7–13.) Defendants do not argue that they should be treated separately for the jurisdictional analysis. (Doc. Nos. 3, 11.)

In determining whether a court has specific jurisdiction over a non-resident defendant, the Ninth Circuit employs the following three-prong test:

/////

---

[3] The court limits its analysis to specific jurisdiction because plaintiff does not argue that this court has general jurisdiction over defendants (Doc. No. 10). *See Lopez v. County of Los Angeles*, No. 3:15-cv-03804-TEH, 2016 WL 54123, at *2 (N.D. Cal. 2016) ("[B]ecause Plaintiff failed to oppose many arguments in the instant motion to dismiss, the Court may treat such non-opposition as implicit consent to the merits of the arguments asserted, and consequently as consent to dismissal of the Complaint."); *Glazer v. Priv. Residences At Ontario Place Condo. Ass'n*, No. 2:21-cv-01770-DAD-DB, 2023 WL 1767739, at *5 (E.D. Cal. Feb. 3, 2023) (considering only whether specific jurisdiction existed over the defendants because the plaintiff did not advance arguments regarding general jurisdiction).

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot*, 780 F.3d at 1211 (quoting *Fred Martin Motor Co.*, 374 F.3d at 802); *see also Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023). "The plaintiff bears the burden of meeting the first two prongs while the defendant shoulders the burden on the final prong." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023).

1. First Prong: Purposeful Availment or Purposeful Direction

"Under the first prong of our three-part analysis, to be subject to specific jurisdiction the defendant must purposefully direct its activities toward the forum state, purposefully avail itself of the privileges of conducting activities there, or engage in 'some combination thereof.'" *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1088 (9th Cir. 2023). "[B]oth purposeful availment and purposeful direction ask whether defendants have voluntarily derived some benefit from their interstate activities such that they will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Davis*, 71 F.4th at 1162 (quoting *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020)).

Previously, the undersigned has applied a purposeful availment analysis "in suits sounding in contract" and a purposeful direction analysis "in suits sounding in tort." *Glazer v. Priv. Residences At Ontario Place Condo. Ass'n*, No. 2:21-cv-01770-DAD-DB, 2023 WL 1767739, at *5 (E.D. Cal. Feb. 3, 2023). However, the Ninth Circuit has since clarified that, while these two forms of analysis generally apply to the two distinct kinds of claims, "this line is [not] a hard-and-fast rule. Rather, our cases do not impose a rigid dividing line between these two types of claims." *Davis*, 71 F.4th at 1162 (internal quotation marks omitted); *see also Baton v. Ledger SAS*, 740 F. Supp. 3d 847, 886 (N.D. Cal. 2024) ("Nonetheless, courts often look to both tests for

all types of claims.”). Here, the court will begin its analysis with the purposeful direction test, which is the test proposed by plaintiff. (Doc. No. 10 at 9.)

“Where allegedly tortious conduct takes place outside the forum and has effects inside the forum,” courts in the Ninth Circuit examine purposeful direction by using the three-part “effects” test set forth by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020), *overruled on other grounds by Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025). Under this “*Calder* effects test” the court asks whether the defendant is alleged to have (1) committed an intentional act (2) that was expressly aimed at the forum state and (3) that caused harm the defendant knew was likely to be suffered in the forum state. *Fred Martin Motor Co.*, 374 F.3d at 803. “This analysis is driven by the defendant’s contacts with the forum state—not the plaintiff’s or other parties’ forum connections.” *Davis*, 71 F.4th at 1163.

Plaintiff argues that all three parts of the *Calder* effects test are satisfied here because defendant intentionally acted when it allowed plaintiff to work in California, paid her in California, and terminated her in California. (Doc. No. 10 at 9–10.) Plaintiff then argues that these actions of defendant were aimed at California because defendants allowed plaintiff to be employed as a California resident. (*Id.* at 10.) Finally, plaintiff argues that defendants knew that employing plaintiff in California would result in harm in California. (*Id.*) Defendants argue in reply that simply allowing plaintiff to work remotely in California is insufficient to satisfy this test. (Doc. No. 11 at 2–4.) Defendants further argue that the remote work performed by plaintiff in California was performed in support of operations in Georgia, and the decision to terminate plaintiff was made in Georgia. (*Id.* at 3–5.)

Under the first element of the *Calder* effects test, “[t]he meaning of the term ‘intentional act’ . . . is essentially the same as in the context of intentional torts; namely, the defendant must act with the ‘intent to perform an actual, physical act in the real world.’” *Picot*, 780 F.3d at 1214 (quoting *Fred Martin Motor Co.*, 374 F.3d at 806). District courts have found that employment actions taken by employers such as hiring and terminating an employee constitute intentional acts sufficient to satisfy the first part of this test. *See Fellers v. C.W. Martin L. Off., PLLC*, No. 3:26-

cv-900-GPC-JLB, 2026 WL 1214671, at *6 (S.D. Cal. May 1, 2026) (holding that the defendant intentionally acted when it hired, employed, allegedly discriminated against, and terminated the plaintiff); *Franey v. Am. Battery Sols. Inc.*, No. 22-cv-03457-LB, 2022 WL 4280638, at *7 (N.D. Cal. Sept. 15, 2022) (finding that, in the employment discrimination context, hiring, employment, alleged discrimination, and termination are intentional acts).

Here, plaintiff alleges in her complaint that she informed defendant White that she "was moving to California" and that defendant White "agreed to allow plaintiff" to continue working remotely. (Doc. No. 1-3 at ¶ 14.) Plaintiff further alleges that when she returned to work after maternity leave, defendants reduced her salary, demoted her, and then terminated her. (*Id.* at ¶ 19.) While defendants dispute that they agreed to allow plaintiff to work remotely, defendants do not dispute, and in fact assert, that they terminated plaintiff's employment on June 10, 2025. (Doc. No. 3-1 at ¶¶ 10–12, 18.) Accordingly, the court finds that, at a minimum, plaintiff has made a *prima facie* showing that defendants committed an intentional act when they terminated plaintiff's employment.

Under the second element of the *Calder* effects test (whether the intentional act was expressly aimed at the forum state), the focus of the court's analysis is on the "defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). "In the case of employment-related suits for torts, such as harassment and wrongful termination, courts have found that an employer expressly aims alleged tortious conduct at a forum state when they knowingly hire and continually employ a resident of the forum state for remote work." *Mammadov v. BTG Specialty Pharms.*, No. 25-cv-02652-BJC-SBC, 2026 WL 1091726, at *4 (S.D. Cal. Apr. 22, 2026) (collecting cases). However, when finding that the express aiming prong is satisfied, district courts often emphasize the defendant's decision to recruit and hire an employee living and working remotely in California, as well as additional acts taken by defendants to facilitate such work or otherwise establish contacts with the forum state. *See Fellers v. C.W. Martin L. Off., PLLC*, No. 3:26-cv-00900-GPC-JLB, 2026 WL 1214671, at *6 (S.D. Cal. May 1, 2026) (finding the express aiming prong satisfied where the defendants contacted the plaintiff about a position knowing she would

need to work remotely in California, issued a W-9 tax form to plaintiff in California, and shipped her the necessary equipment to allow her to work in California); *Harris v. Chroma Cars, LLC*, No. 21-cv-01492-JGB-SP, 2022 WL 1844116, at *8 (C.D. Cal. Feb. 25, 2022) (finding that the defendants expressly aimed conduct at California where the defendants recruited the plaintiff in California and engaged in "affirmative conduct" to allow business transactions in California); *Villano v. Shashamane Grp., LLC*, No. 2:23-cv-04320-ODW-AFM, 2024 WL 40181, at *4–5 (C.D. Cal. Jan. 3, 2024) (finding that the defendants expressly aimed their conduct at California because they recruited the plaintiff in California, and directed her to "explore market opportunities" in California). In addition, at least one district court has found that a plaintiff failed to carry her burden to show express aiming even though her employment agreement specified that she would be based in California because she only presented evidence of her "unilateral activity" in California, which included evidence that she spent one to two weeks in California leading up to her termination, that she paid California taxes in 2021, and that she intended to remain a California resident. *Grootonk v. Labrie Env't Grp., LLC*, No. 8:22-cv-01868-FWS-ADS, 2023 WL 5420299, at *7 (C.D. Cal. July 20, 2023).

Here, the relevant facts that plaintiff has alleged in her complaint are that she relocated to California in December 2024, worked remotely in California, and was subsequently terminated. (Doc. No. 1-3 at ¶ 15.) Plaintiff alleges that she was hired to work for defendants while she was residing in Georgia, and she does not otherwise allege facts that might support a finding by this court of express aiming on the part of defendants. (*Id.* at ¶¶ 13.) Moreover, defendants have presented evidence by way of written declaration that plaintiff did not submit a change of address form or income tax withholding documentation which would indicate that she was residing in California, and plaintiff has not provided evidence to the contrary. (Doc. No. 3-1 at ¶ 11.) As the court noted above, where allegations are controverted by a defendant, the plaintiff cannot "simply rest on the bare allegations of [the] complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Philips*, 855 F. App'x at 324 (quoting *Amba Mktg. Sys., Inc.*, 551 F.2d at 787).

/////

The court notes that plaintiff broadly alleges on information and belief that defendant WhiteRecon "has been authorized to do business and has been doing business in the State of California." (Doc. No. 1-3 at ¶ 4.) However, defendants have provided the sworn declaration of defendant White in which he declares that defendant WhiteRecon is located in and solely operating in the state of Georgia, and delivers packages to Georgia residents on behalf of a third-party retailer. (Doc. No. 3-1 at ¶¶ 4–5.) Defendant White further declares that defendant WhiteRecon does not maintain offices in California, is not and has never been authorized to do business in California, nor has it performed any other business activities in California. (*Id.* at ¶¶ 6–7.) Because plaintiff has not disputed or objected to defendant White's declaration in her opposition to the pending motion, nor has she come forward with any evidence to support her allegations made on information and belief that defendant WhiteRecon has been conducting business in California, the court may not rely on those allegations.[4] (*See* Doc. No. 10.)

Based on the foregoing, the court concludes plaintiff has not carried her burden to show that defendants' conduct was expressly aimed at California. The court need not address the third prong of the effects test because plaintiff has failed to establish the second prong. *Picot*, 780 F.3d at 1215 n.4 ("Because Picot has not established the second prong of our purposeful direction test, we need not address the third prong.").

/////

/////

/////

/////

/////

---

[4] As noted above, plaintiff argues that defendants should be treated collectively for the jurisdictional analysis, and defendants do not argue otherwise. (Doc. No. 10 at 13; Doc. No. 11.) Still, plaintiff briefly argues that jurisdiction over defendant White is proper because he may be held directly liable for his alleged harassment against plaintiff. (*Id.*) Plaintiff has not alleged any additional facts specific to defendant White which would support a finding of personal jurisdiction over him. For the reasons stated above, the court finds that plaintiff has not carried her burden to show that defendant White expressly aimed his alleged conduct at California.

Because defendants have not purposefully directed their conduct at California nor purposefully availed themselves of the benefits of doing business in California,[5] plaintiff has failed to make a *prima facie* showing of specific personal jurisdiction over defendants. *See Picot*, 780 F.3d 1206, 1215 (holding that the plaintiff failed to make a *prima facie* showing of specific jurisdiction when he failed to show purposeful direction or purposeful availment); *Gohn v. Trumark Fin. Credit Union*, No. 2:25-cv-03430-JAM-DMC, 2026 WL 1584720, at *5 (E.D. Cal. June 3, 2026) (holding that the court need not analyze the remaining two requirements of the personal jurisdiction test because plaintiff failed to carry her burden as to purposeful direction).[6]

**B. Leave to Amend**

Defendants have moved to dismiss plaintiff's complaint with prejudice and without leave to amend, although they do not explain or support their request that plaintiff be denied leave to amend. (Doc. No. 3 at 6.) Plaintiff has not addressed whether she should be provided an opportunity to amend her complaint. (*See* Doc. No. 10.)

/////

---

[5] While plaintiff does not separately argue that the court may find specific jurisdiction pursuant to purposeful availment, the court notes that plaintiff has likewise failed to carry her burden under that test. When determining purposeful availment, the court "examines whether the defendant 'deliberately reached out beyond [its] home—by, for example, exploiting a market in the forum State or entering a contractual relationship centered there.'" *Davis*, 71 F.4th at 1163 (quoting *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 503 (9th Cir. 2023)). "The 'unilateral activity' of another party does not meet this standard. *Id.* As discussed, plaintiff has not alleged that defendants took any action to target California, but rather that it was her decision to relocate to California. This is insufficient to establish purposeful availment. *See Jared Ashcraft v. First-Citizens Bank & Tr. Co.*, No. 2:26-cv-02251-JLS-JDE, 2026 WL 2410335, at *6 (C.D. Cal. July 22, 2026) ("Plaintiff's evidence demonstrates, at best, that FCB intended to hire Plaintiff, who happened to be a California resident, but not that it intended to avail itself of California itself.").

[6] Defendants have requested that the court take judicial notice of Exhibits C, D, and E to defendant White's declaration so that the court may consider the documents without converting defendants' motion to dismiss pursuant to Rule 12(b)(6) into a motion for summary judgement. (Doc. No. 3-2 at 2.) This request is denied as moot because the court does not reach defendants' arguments regarding their motion to dismiss pursuant to Rule 12(b)(6). In addition, the court has not relied on these documents in ruling on defendants' motion to dismiss pursuant to Rule 12(b)(2). *See Garlough v. FCA US LLC*, No. 2:20-cv-01879-JAM-AC, 2021 WL 4033177, at *2 (E.D. Cal. Sept. 3, 2021) ("The Court did not rely on this document in ruling on the instant motions and therefore denies as moot FCA's request.").

Leave to amend should be granted "freely" when justice so requires. Fed. R. Civ. P. 15(a). The Ninth Circuit maintains a policy of "extreme liberality generally in favoring amendments to pleadings." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960). Reasons "such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies . . . undue prejudice to the opposing party . . . [or] futility" may support denial of leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is proper if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citation omitted); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . ."). A district court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Servs.*, 911 F.2d 242, 247 (9th Cir. 1990).

Absent any substantive argument from the parties, and because leave to amend should be granted freely and plaintiff may conceivably cure the above noted deficiencies, the court will grant plaintiff leave to amend. *See Prime Healthcare Servs., Inc. v. Emblemhealth, Inc.*, No. 16-cv-01152-MWF-DTB, 2016 WL 11771246, at *4 (C.D. Cal. Nov. 28, 2016) ("Courts have more often than not granted leave to amend after granting a motion to dismiss on 12(b)(2) grounds.") (collecting cases).

**CONCLUSION**

For the reasons above,

1. Defendants' motion to dismiss (Doc. No. 10) is GRANTED with leave to amend;
2. Plaintiff shall file her first amended complaint, or alternatively a notice of her intent not to do so, within twenty-one (21) days of the date of entry of this order; and

/////

/////

/////

3. The Initial Scheduling Conference is hereby RESET for January 25, 2027 at 1:30 PM in Courtroom 4 (DAD) before District Judge Dale A. Drozd by Zoom. The parties shall file a joint scheduling report by no later than January 11, 2027.

IT IS SO ORDERED.

Dated: **September 24, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE